# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
October 1, 2015 Session

## STATE OF TENNESSEE v. HOWARD HAWK WILLIS

**Automatic Appeal from the Court of Criminal Appeals**
**Criminal Court for Washington County**
**No. 28343     Jon Kerry Blackwood, Judge**

_____

**No. E2012-01313-SC-DDT-DD – Filed July 6, 2016**
_____

SHARON G. LEE, C.J., concurring.

I concur fully with the Court's opinion except for the analysis in Section II(E)(4) regarding the proportionality review. In 1997, this Court narrowed the scope of the proportionality review required by Tennessee Code Annotated section 39-13-206(c)(1)(D) by limiting its consideration to only those cases in which the death penalty had been sought. *State v. Bland*, 958 S.W.2d 651, 666 (Tenn. 1997). A majority of this Court reaffirmed this truncated approach in *State v. Pruitt*, 415 S.W.3d 180, 217 (Tenn. 2013). In *Pruitt*, I joined Justice William C. Koch, Jr. in dissenting from the Court's decision to continue following the *Bland* approach, as it improperly narrows the proportionality review required by Tennessee Code Annotated section 39-13-206(c)(1)(D). *Pruitt*, 415 S.W.3d at 230 (Koch and Lee, JJ., concurring and dissenting). We determined that the Court should return to its pre-*Bland* proportionality analysis by considering "all first degree murder cases in which life imprisonment or a sentence of death has been imposed" and focusing on whether the case under review more closely resembles cases that have resulted in the imposition of the death penalty than those that have not. *Id*. at 230-31 (Koch and Lee, JJ., concurring and dissenting).

I have performed the broader, pre-*Bland* review in this case, as I find it more consistent with the requirement of Tennessee Code Annotated section 39-13-206(c)(1)(D). Based on a review of all similar first degree murder cases, including those in which the death penalty was not sought, I have concluded that Mr. Willis's personal background and the nature of the capital crime he committed closely resemble the personal backgrounds and the crimes committed by other persons who have received a death sentence. Accordingly, as required by Tennessee Code Annotated section 39-13-206(c)(1)(D) and based on the facts in this record, I find that Mr. Willis's death

sentence is "[neither] excessive [n]or disproportionate to the penalty imposed in similar cases, considering both the nature of the crime and the defendant."

_____
SHARON G. LEE, CHIEF JUSTICE